EVEMeta, LLC v Siemens Convergence Creators Corp. (2019 NY Slip Op 07730)





EVEMeta, LLC v Siemens Convergence Creators Corp.


2019 NY Slip Op 07730


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10219 651484/16

[*1] EVEMeta, LLC, Plaintiff-Respondent-Appellant,
v
Siemens Convergence Creators Corp., et al., Defendants, Synacor, Inc., Defendant-Appellant-Respondent.


Duke Holzman Photiadis & Greses, LLP, Buffalo (Steven W. Klutkowski of counsel), for appellant-respondent.
Hughes Hubbard & Reed LLP, New York (Hagit M. Elul of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about October 5, 2018, which, to the extent appealed from as limited by the briefs, denied defendant Synacor, Inc.'s motion pursuant to CPLR 3211 to dismiss as against it the claims for tortious interference with contract, tortious interference with prospective economic relations, unfair competition, punitive damages, and attorneys' fees, and granted the motion to dismiss the claims for fraudulent misrepresentation, fraudulent concealment, and civil conspiracy, unanimously modified, on the law, to grant the motion as to the claims for tortious interference with prospective economic relations and attorneys' fees, and otherwise affirmed, without costs.
As Synacor and plaintiff acknowledge, most of the issues in this appeal are governed by our prior decision (173 AD3d 551 [1st Dept 2019]).
Synacor contends that, even if the claim for tortious interference with contract was correctly upheld against defendant Siemens, it should be dismissed as against Synacor. This argument is unavailing, because it cannot be said that Siemens would have breached its contract with plaintiff without Synacor's participation (see Antonios A. Alevizopoulos & Assoc., Inc. v Comcast Intl. Holdings, Inc., 100 F Supp 2d 178, 187 [SD NY 2000]). Without Synacor, Siemens would have had no one else with whom to contract (see id.). Synacor does not argue that, absent its participation, Siemens would have contracted with someone else (see id. at 187 n 7).
Synacor correctly notes that, in the prior appeal, Siemens did not argue that the unfair competition claim was duplicative of the contract claims. While Synacor may so argue, the argument is unavailing. In the cases cited by Synacor where unfair competition claims were dismissed as duplicative of contract claims, the contract claims alleged breaches of covenants not to compete. By contrast, plaintiff's contract and unfair competition claims do not completely overlap.
Both sides agree that the availability of punitive damages rests on whether plaintiff's [*2]claim for tortious interference with contract survives. Since we have upheld the motion court's refusal to dismiss that claim, we also affirm its refusal to dismiss plaintiff's request for punitive damages.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK